Mark E. Ellis - 127159
Brandon L. Reeves - 242897
ELLIS LAW GROUP, LLP
740 University Avenue, Suite 100
Sacramento, CA 95825
Tel: (916) 283-8820
Fax: (916) 283-8821
mellis@ellislawgrp.com
breeves@ellislawgrp.com

Attorneys for Defendant OAC Collection Specialists
aka Oliver Adjustment Company, Inc.

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANE KUBAT, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>        Plaintiff,<br><br>v.<br><br>OAC COLLECTION SPECIALISTS AKA OLIVER ADJUSTMENT COMPANY, INC., and DOES 1 to 20, inclusive,<br><br>        Defendant. | Case No.:<br><br>San Luis Obispo County Case No.: 15CVP-0092<br><br>**NOTICE OF REMOVAL OF COMPLAINT TO FEDERAL COURT** |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant OAC COLLECTION SPECIALISTS AKA OLIVER ADJUSTMENT COMPANY, INC., hereby removes to this Court the Complaint in the state court action described below:

1.      On April 8, 2015, an action was commenced in Superior Court, State of California, County of San Luis Obispo, entitled Diane Kubat Individually And On Behalf Of All Others Similarly Situated v. OAC Collection Specialists aka Oliver Adjustment Company, Inc., as case number 15CVP-0092.

- 1 -

2.      On April 16, 2015, Defendant OAC COLLECTION SPECIALISTS AKA OLIVER ADJUSTMENT COMPANY, INC., was served with a copy of the Complaint.  A copy of said Complaint is attached hereto as **Exhibit A**.

3.      This Court has jurisdiction to hear this case because this action is a civil action of which this Court has original jurisdiction under 28 U.S.C. section 1331, and is one which may be removed to this Court by defendant pursuant to the provisions of 28 U.S.C. section 1441(a) in that the Complaint arises under the federal Fair Debt Collection Practices Act, 15 U.S.C. section 1692 *et seq*.

Dated: May 15, 2015

ELLIS LAW GROUP, LLP


By   _/s/ Brandon L. Reeves_
Brandon L. Reeves
Attorney For Defendant
OAC COLLECTION SPECIALISTS AKA OLIVER
ADJUSTMENT COMPANY, INC.

# EXHIBIT A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

OAC COLLECTION SPECIALISTS A/K/A OLIVER ADJUSTMENT
COMPANY, INC.; AND, DOES 1-20, INCLUSIVE.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

DIANE KUBAT, INDIVIDUALLY AND ON BEHALF OF ALL
OTHERS SIMILARLY SITUATED.

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**FILED**

4/8/2015

SAN LUIS OBISPO SUPERIOR COURT

BY _____
C. Duran  Deputy Clerk

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

The name and address of the court is: SUPERIOR COURT OF CALIFORNIA
*(El nombre y dirección de la corte es):*

CASE NUMBER:
*(Número del Caso)* **15CVP-0092**

County of San Luis Obispo, Paso Robles Branch
901 Park Street, Paso Robles, CA 93446

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Matthew M. Loker, Esq., 1303 E. Grand Ave., Ste. 101, Arroyo Grande CA 93420  Tel: (800) 400-6808

DATE: 4/8/2015      Clerk, by _____, Deputy
*(Fecha)*            *(Secretario)*              *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)) Susan Matherly*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☐ on behalf of *(specify)*:

   under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)

          ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Matthew M. Loker, Esq. (SBN: 279939)
ml@kazlg.com
1303 East Grand Ave., Suite 101
Arroyo Grande, CA 93420
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

*Attorneys for Plaintiff,*
Diane Kubat

FILED

4/8/2015

SAN LUIS OBISPO SUPERIOR COURT
BY C. Duran, Deputy Clerk

KAZEROUNI LAW GROUP, APC
1303 East Grand Ave., Ste 101
Arroyo Grande, CA 93420

### SUPERIOR COURT OF CALIFORNIA
### COUNTY OF SAN LUIS OBISPO – PASO ROBLES BRANCH – UNLIMITED

| | |
|---|---|
| **DIANE KUBAT, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,**<br><br>Plaintiff,<br><br>v.<br><br>**OAC COLLECTION SPECIALISTS A/K/A OLIVER ADJUSTMENT COMPANY, INC.; AND, DOES 1-20, INCLUSIVE,**<br><br>Defendant. | Case No.: 15CVP-0092<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATION OF:**<br><br>**1.) THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §§ 1692, ET SEQ.; AND,**<br><br>**2.) THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §§ 1788, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq, to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

3. DIANE KUBAT ("Plaintiff") brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of OAC COLLECTION SPECIALISTS a/k/a OLIVER ADJUSTMENT COMPANY, INC. ("Defendant") with regard to attempts by Defendant to unlawfully and abusively collect an debt allegedly owed by the Plaintiff, in violation of Federal and California State debt collection laws.

4. Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

5. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff allege on personal knowledge.

6. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

7. Unless otherwise stated, Plaintiff alleges that any violations by Defendant were knowing and intentional, and that Defendant did not maintain procedures reasonably adapted to avoid any such violation.

8. Unless otherwise indicated, the use of any Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that Defendant named.

### JURISDICTION AND VENUE

9. Jurisdiction of this Court is proper because the events leading to Plaintiff's causes of action occurred in the County of San Luis Obispo and the State of California.

10. This action arises out of Defendant's violations of the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("RFDCPA"); and, the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq. ("FDCPA").

11. Because Defendant conducts business within the State of California, personal jurisdiction is established.

12. Venue is proper.

///

///

## PARTIES

13. Plaintiff is a natural person who resides in the City of Cambria, County of San Luis Obispo, State of California, from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h). In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

14. Plaintiff is informed and believes, and thereon alleges, that Defendant is a California company operating from the State of Wisconsin.

15. Plaintiff is informed and believes, and thereon alleges, that Defendant, in the ordinary course of business, regularly, on behalf of itself, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), and is therefore a "debt collector" as that term is defined by California Civil Code § 1788.2(c).

16. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

17. The true names and capacities, whether individual, corporate (including officers and directors thereof), associate or otherwise of Defendants sued herein as DOES 1 through 20, inclusive, are unknown to Plaintiff, who therefore sues these Defendants by such fictitious names, pursuant to the California Civil Procedure Code § 474. Plaintiff is informed and believes, and thereon alleges that each Defendant designated as a DOE is involved in or is in some manner responsible as a principal, beneficiary, agent, co-conspirator, joint venturer, alter ego, third-party beneficiary, or otherwise, for the agreements, transactions, events and/or acts hereinafter described, and thereby proximately caused injuries and damages to Plaintiff. Plaintiff

KAZEROUNI LAW GROUP, APC
1303 EAST GRAND AVE, STE 101
ARROYO GRANDE, CA 93420

request that when the true names and capacities of these DOE Defendants are ascertained, they may be inserted in all subsequent proceedings, and that this action may proceed against them under their true names.

18. Plaintiff is informed and believes, and thereon alleges that at all times herein mentioned, Defendants DOES 1 through 20, were agents or employees of each of their co-defendants and, in doing the things hereafter mentioned, each was acting in the scope of his authority as such agent or employee and with the permission and consent of their co-defendants, and each of them.

## FACTUAL ALLEGATIONS

19. At all times relevant, Plaintiff is an individual residing within the State of California and within this judicial district.

20. At all times relevant, Defendant conducted business in the State of California.

21. Sometime prior to September 2014, Plaintiff allegedly incurred financial obligations to the original creditor, Selma A Carlson Diagnostic Center, for medical services.

22. These alleged finance obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt[s]" as that term is defined by California Civil Code §1788.2(d) and 15 U.S.C. 1692a(5), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

23. Sometime thereafter, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt. Plaintiff currently takes no position as to the validity of the alleged debt.

24. Subsequently, the alleged debt was allegedly assigned, placed, or otherwise transferred, to Defendant for collection activity.

25. On or about September 15, 2014, Defendant sent or caused to be sent Defendant's initial written communications via U.S. Mail to Plaintiff.

26. This letters constitutes "debt collection" as that phrase is defined by Cal. Civ. Code § 1788.2(b) and a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

27. Defendant's initial written communication failed to include the required notice of debtor's rights in violation of Cal. Civ. Code § 1812.700. According to Cal. Civ. Code § 1812.702, such a violation is considered a violation of the RFDCPA (Title 1.6C (commencing with Section 1788)). Thus, Defendant violated Cal. Civ. Code § 1788.

28. By failing to provide said notice, the least sophisticated consumer is unable to adequately determine the extent of said consumer's rights with regard to Defendant's collection activity.

29. Through this conduct, Defendant utilized false, deceptive and misleading representations to collect the alleged debt in violation of 15 U.S.C. § 1692e. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant has also violation Cal. Civ. Code § 1788.17.

30. Through this conduct, Defendant utilized false representations and deceptive means to collect the alleged debt in violation of 15 U.S.C. § 1692e(10). This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant has also violation Cal. Civ. Code § 1788.17.

31. As described herein, Defendant engaged in illegal collection activity with regard to Plaintiff's alleged debt. Such activity constitutes violations of 15 U.S.C. §§ 1692e; and, 1692e(10). In addition, Defendant also violated Cal. Civ. Code § 1788.17.

### CLASS ALLEGATIONS

32. Plaintiff brings this class action on behalf of herself, and on behalf of all others similarly situated.

33. Plaintiff defines the FDCPA Class as:

(i) all persons (ii) who were sent a written communication by Defendant (iii) containing language substantially in the form of the written communication attached as Exhibit A; (iv) to recover a consumer debt; (v) which was not returned undelivered by the United States Postal Service; (vi) within one year prior to the filing of the Complaint in this action.

34. Plaintiff defines the RFDCPA Class as:

(i) all persons with addresses within the State of California; (ii) who were sent a written communication by Defendant (iii) containing language substantially in the form of the written communication attached as Exhibit A; (iv) to recover a consumer debt; (v) which was not returned undelivered by the United States Postal Service; (vi) within one year prior to the filing of the Complaint in this action.

35. Plaintiff refers to the FDCPA Class and the RFDCPA Class jointly as "The Classes."

36. Defendant and their employees or agents are excluded from the Classes.

37. Plaintiff does not know the exact number of persons in the Classes, but believes them to be in the several hundreds, if not thousands, making joinder of all these actions impracticable.

38. The identity of the individual members is ascertainable through Defendant's and/or Defendant's agents' records or by public notice.

39. There is a well-defined community of interest in the questions of law and fact involved affecting the members of the Class. The questions of law and fact common to the Class predominate over questions affecting only individual class members, and include, but are not limited to, the following:

a) Whether Defendant violated the FDCPA as described herein;

b) Whether Defendant violated the RFDCPA as described herein;

c) Whether members of the Class are entitled to the remedies under the FDCPA;

d) Whether members of the Class are entitled to the remedies under the RFDCPA;

e) Whether members of the Class are entitled to declaratory relief;

f) Whether members of the Class are entitled to injunctive relief;

g) Whether members of the Class are entitled to an award of reasonable attorneys' fees and costs of suit pursuant to the FDPCA;

h) Whether members of the Class are entitled to an award of reasonable attorneys' fees and costs of suit pursuant to the RFDPCA;

i) Whether Defendant may satisfy Defendant's affirmative defense of bona fide error with regard to Defendant's violation of the FDCPA; and.

j) Whether Defendant may satisfy Defendant's affirmative defense of bona fide error with regard to Defendant's violation of the RFDCPA.

40. Plaintiff will fairly and adequately protect the interest of the Classes.

41. Plaintiff has retained counsel experienced in consumer class action litigation and in handling claims involving unlawful debt collection practices.

42. Plaintiff's claims are typical of the claims of the Classes, which all arise from the same operative facts involving unlawful collection practices.

43. A class action is a superior method for the fair and efficient adjudication of this controversy.

44. Class-wide damages are essential to induce Defendant to comply with the federal and State laws alleged in the Complaint.

45. The interests of class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action under the FDCPA and the RFDCPA is $1,000. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims, e.g., securities fraud.

46. Defendant has acted on grounds generally applicable to the classes, thereby making appropriate final declaratory relief with respect to the class as a

whole.

47. Plaintiff contemplates providing notice to the putative class members by direct mail in the form of a postcard-type notice and via Internet website.

48. Plaintiff requests certification of a hybrid class for monetary damages and injunctive relief.

## COUNT I

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

### 15 U.S.C. §§ 1692 ET SEQ.

### [AGAINST ALL DEFENDANTS]

49. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

50. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692 et seq.

51. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each Defendant individually.

## COUNT II

### VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

### Cal. Civ. Code § 1788, et seq.

### [AGAINST ALL DEFENDANTS]

52. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

53. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

54. As a result of each and every violation of the RFDCPA, Plaintiff is entitled

KAZEROUNI LAW GROUP, APC
1303 East Grand Ave., Ste 101
Arroyo Grande, CA 93420

to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorneys fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each Defendant individually.

### PRAYER FOR RELIEF

**WHEREFORE.** Plaintiff prays that judgment be entered against Defendant for:

- That this action be certified as a class action on behalf of The Classes and Plaintiff be appointed as the representatives of The Class;

- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a), for each plaintiff and putative class member;

- An award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1), against each named Defendant individually;

- An award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b), for each plaintiff and putative class member;

- An award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), against each named Defendant individually;

- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c);

- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3), against each named Defendant individually;

- Injunctive relief in the form of an order requiring Defendant to disgorge all ill-gotten gains and awarding Plaintiff and The Class full restitution of all monies wrongfully acquired by Defendant by means of such unfair and unlawful conduct;

- That the Court preliminarily and permanently enjoin Defendant from sending further written communications stating that a derogatory account has been placed on a consumer's permanent credit report; and,
- Any and all other relief that this Court deems just and proper.

### TRIAL BY JURY

55. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: April 8, 2015                                    Respectfully submitted,


                                         KAZEROUNI LAW GROUP, APC


                                         By: _____
                                              MATTHEW M. LOKER, ESQ.
                                              ATTORNEY FOR PLAINTIFF

KAZEROUNI LAW GROUP, APC
1303 EAST GRAND AVE, STE 101
ARROYO GRANDE, CA 93420

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>— Matthew M. Loker, Esq. (SBN 279939)<br>Kazerouni Law Group, APC<br>1303 East Grand Ave., Ste. 101, Arroyo Grande, CA 93420<br>Arroyo Grande, CA 93420<br>TELEPHONE NO. (800) 400-6808    FAX NO. (954) 570-5523<br>ATTORNEY FOR (Name): Plaintiff, Diane Kubat | FOR COURT USE ONLY<br><br>**FILED**<br><br>**4/8/2015**<br><br>**SAN LUIS OBISPO SUPERIOR COURT**<br>BY _____<br>C. Duran, Deputy Clerk |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SAN LUIS OBISPO
STREET ADDRESS: 901 Park Street
MAILING ADDRESS: 901 Park Street
CITY AND ZIP CODE: Paso Robles, CA 93446
BRANCH NAME: Paso Robles Branch

CASE NAME:
Kubat, et al. v. OAC Collection Specialists, et al

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER<br>15CVP-0092 |
|---|---|---|---|---|
| ✓ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter    ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| ☐ Auto (22)<br>☐ Uninsured motorist (46) | ☐ Breach of contract/warranty (06)<br>☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03)<br>☐ Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | ☐ Other collections (09)<br>☐ Insurance coverage (18) | ☐ Mass tort (40) |
| ☐ Asbestos (04)<br>☐ Product liability (24) | ☐ Other contract (37)<br>**Real Property** | ☐ Securities litigation (28)<br>☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45)<br>☐ Other PI/PD/WD (23) | ☐ Eminent domain/Inverse<br>condemnation (14) | ☐ Insurance coverage claims arising from the<br>above listed provisionally complex case<br>types (41) |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | **Enforcement of Judgment** |
| ☐ Business tort/unfair business practice (07)<br>☐ Civil rights (08) | ☐ Other real property (26)<br>**Unlawful Detainer** | ☐ Enforcement of judgment (20) |
| ☐ Defamation (13) | ☐ Commercial (31) | **Miscellaneous Civil Complaint** |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ RICO (27) |
| ☐ Intellectual property (19)<br>☐ Professional negligence (25) | ☐ Drugs (38)<br>**Judicial Review** | ☐ Other complaint (not specified above) (42)<br>**Miscellaneous Civil Petition** |
| ✓ Other non-PI/PD/WD tort (35)<br>**Employment** | ☐ Asset forfeiture (05)<br>☐ Petition re: arbitration award (11) | ☐ Partnership and corporate governance (21) |
| ☐ Wrongful termination (36)<br>☐ Other employment (15) | ☐ Writ of mandate (02)<br>☐ Other judicial review (39) | ☐ Other petition (not specified above) (43) |

2. This case ☐✓ is   ☐ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties      d. ☐✓ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel   e. ☐ Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve             in other counties, states, or countries, or in a federal court
   c. ☐✓ Substantial amount of documentary evidence         f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☐✓ monetary  b. ☐ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action (specify): 2 - RFDCPA; and, FDCPA
5. This case ☐✓ is   ☐ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: April 8, 2015
Matthew M. Loker, Esq.
_____                    ▶ _____
(TYPE OR PRINT NAME)                                     (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) (*if the
case involves an uninsured
motorist claim subject to
arbitration, check this item
instead of Auto*)
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability (*not asbestos or
toxic/environmental*) (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip
and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) (*not civil
harassment*) (08)
Defamation (e.g., slander, libel)
(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
(*not medical or legal*)
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract (*not unlawful detainer
or wrongful eviction*)
Contract/Warranty Breach–Seller
Plaintiff (*not fraud or negligence*)
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage (*not provisionally
complex*) (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property (*not eminent
domain, landlord/tenant, or
foreclosure*)
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal
drugs, check this item; otherwise,
report as Commercial or Residential*)
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
(*arising from provisionally complex
case type listed above*) (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment (*non-
domestic relations*)
Sister State Judgment
Administrative Agency Award
(*not unpaid taxes*)
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified
above*) (42)
Declaratory Relief Only
Injunctive Relief Only (*non-
harassment*)
Mechanics Lien
Other Commercial Complaint
Case (*non-tort/non-complex*)
Other Civil Complaint
(*non-tort/non-complex*)
**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition (*not specified
above*) (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late
Claim
Other Civil Petition

**CIVIL CASE COVER SHEET**

# CERTIFICATE OF SERVICE

I, Karen Gould, declare:

I am a citizen of the United States, am over the age of eighteen years, and am not a party to or interested in the within entitled cause.   My business address is 740 University Avenue, Suite 100, Sacramento, CA 95825.

On May 15, 2015, I served the following document on the parties in the within action:

## NOTICE OF REMOVAL OF COMPLAINT TO FEDERAL COURT

| | |
|---|---|
| X | **BY MAIL**: I am familiar with the business practice for collection and processing of mail.  The above-described document(s) will be enclosed in a sealed envelope, with first class postage thereon fully prepaid, and deposited with the United States Postal Service at Sacramento, CA on this date, addressed as follows: |

| | |
|---|---|
| Abbas Kazerounian<br>Matthew M. Loker<br>1303 East Grand Avenue, Suite 101<br>Arroyo Grande, CA 93420 | Attorneys for Plaintiff<br>Diane Kubat |
| Joshua B. Swigart<br>2221 Camino Del Rio South, Suite 101<br>San Diego, CA 92108 | Attorneys for Plaintiff<br>Diane Kubat |

I declare under penalty of perjury under the laws of the State of California that the foregoing is a true and correct statement and that this Certificate was executed on May 15, 2015.

By. _____
Karen Gould, CCLS

- 3 -

NOTICE OF REMOVAL OF COMPLAINT TO FEDERAL COURT